UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT HASTINGS, *et al.*, | Case No. 3:18-cv-00597-MMD-CBC |
| Plaintiffs, | ORDER |
| v. | |
| DAVID LOHREY, HARMONY LOHREY, *et al.*, | |
| Defendants | |
| And | |
| SIERRA MOUNTAIN LLC, *et al.*, | |
| Nominal Defendants. | |
| STEPHEN FLANAGAN, *et al.*, | |
| Plaintiffs in Intervention, | |
| v. | |
| DAVID LOHREY, *et al.*, | |
| Defendants in Intervention | |
| And | |
| GREEN GROWTH FUND GP, LLC. | |

The Court ordered Defendants to show why this removed action should not be remanded for lack of subject matter jurisdiction because while Defendants removed the case claiming federal question jurisdiction the Court questioned whether Defendants had established violation of a right resting on federal law. (ECF No. 1 at 1, 5; ECF No. 4.) The Court gave Defendants through January 15, 2019, to show cause, in writing, why this action should not be remanded. (ECF No. 4 at 3.) Defendants have not done so. Consequently, the Court will remand this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a

case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). The Court applies the same factors used to decide dismissal in determining whether to remand. Those factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic [alternatives]." *Id.* (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423, 1424 (9th Cir. 1986)) (citations omitted).

Here, the Court finds that the first two factors weigh in favor of remand. The third factor, risk of prejudice to Plaintiffs, also weighs in favor of remand because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading the Court ordered. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of remand discussed herein. The Court cannot decide the merits of a case over which it cannot properly exercise jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotations and citation omitted) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case."). Finally, a court's warning to a party that its failure to obey the court's order will result in remand satisfies the consideration of alternatives requirement. *Henderson*, 779 F.2d at 1424. Here, the Court's order to show cause stated:

> It is therefore ordered that within fifteen days from the entry of this order, Defendants must show cause, in writing, why this case should not be remanded for lack of subject matter jurisdiction. Failure to show cause within the prescribed time will result in the action being remanded.

(ECF No. 4 at 3.) Therefore, Defendants had adequate warning that remand would result from noncompliance with the Court's order to show case within the prescribed timeframe.

It is therefore ordered that this case is remanded for lack of jurisdiction. Defendants have not established that this matter involves a federal question for this Court to decide.

///

2

It is further ordered that Plaintiffs' pending motions to remand (ECF Nos. 5, 9) are denied as moot.

The Clerk of Court is directed to close this case.

DATED THIS 15th day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE